UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BAWER AKSAL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondents.

Civil Action No. 16-2776 (JLL)

MEMORANDUM OPINION

IT APPEARING THAT:

1. On or about May 13, 2016, Petitioner, Bawer Aksal, filed a motion pursuant to 28 U.S.C. § 2255 challenging his 2013 conviction and sentence. (ECF No. 1).

2. On February 20, 2018, this Court denied that motion following a hearing. (ECF Nos. 29–30). In denying the motion, this Court specifically found that "Petitioner's testimony lack[ed] . . . credibility" based on contradictions between his testimony at a *Frye* hearing held in 2013 and the hearing held in this matter in late 2017 as well as Petitioner's manner and demeanor during those hearings. (*See* ECF No. 29 at 14).

3. Petitioner thereafter filed an appeal. (ECF No. 31).

4. Following the filing of his appeal, Petitioner filed with this Court two motions seeking to amend the record pursuant to Federal Rule of Appellate Procedure 10(e)(2). (ECF Nos. 33, 35). In his motions, Petitioner asserts that the transcript of the 2013 *Frye* hearing omitted an allegedly key exchange between this Court and one of Petitioner's attorneys during which Petitioner alleges that the attorney essentially admitted to failing to correctly inform the Government that Petitioner wished to take the plea deal he ultimately lost. (*Id.*). Petitioner provided no evidence to support

1

his allegation that this seemingly important exchange ever occurred other than his own bald and self-serving assertions. (*Id.*).

5. On September 6, 2018, the Government filed a response to Petitioner's motions. (ECF No. 37). In that response, the Government argued that this allegedly missing exchange, which is not only counter to the rest of the testimony at the *Frye* hearing but would also have been contradictory to the testimony at the § 2255 hearing in this matter, never occurred and that Petitioner's motion is nothing more than an attempt "to rewrite history in order to better suit his appeal." (*Id.* at 2).

6. On September 10, 2018, this Court entered an order denying Petitioner's motions. (ECF No. 38). As this Court explained in that Order,

> Pursuant to Federal Rule of Appellate Procedure 10(e)(2), if "anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded" by the district court "before or after the record has been forwarded" to the Court of Appeals. Rule 10(e)(1) further requires that where "any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court." These rules allow "amendment of the record on appeal only to correct inadvertent omissions" and may not be used "to introduce new evidence." *In re Application of Adan*, 437 F.3d 381, 388 n. 3 (3d Cir. 2006); *see also United States ex rel. Mulvaney v. Rush*, 487 F.2d 684, 687 n. 5 (3d Cir. 1973) ("[t]he purpose of the rule is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what happened in the District Court").
>
> In this matter, Petitioner has submitted no evidence other than his own self-serving assertion that the allegedly omitted exchange ever occurred during the 2013 *Frye* hearing. This assertion is further undermined by the fact that it has been raised some five years after the hearing in question, long after Petitioner's initial appeal to the Third Circuit, and only now that he has failed to obtain relief following a more extensive hearing in this matter. As this Court has no recollection of the allegedly omitted exchange ever having occurred, as the Government likewise denies that it occurred, as

> Petitioner has offered no evidence other than his own bald and self-serving assertion that this exchange ever occurred at the 2013 *Frye* hearing, and because the alleged exchange is contrary to both the record of the *Frye* hearing and the testimony at Petitioner's § 2255 hearing, this Court finds that Petitioner has failed to show that the record of this matter is in any way inaccurate or contains any material omissions or misstatements. As Petitioner has provided no credible evidence in support of his assertion that this exchange ever occurred, Petitioner's motion to correct the record brought pursuant to Federal Rule of Appellate Procedure 10(e) is denied.

(*Id.* at 2–3 (internal paragraph numbers omitted)).

7. On October 9, 2018, Petitioner filed with this Court a motion seeking to vacate that order. (ECF No. 40). In his new motion, Petitioner essentially contends that this Court's order denying his motion to amend the record violates his rights to Due Process because this Court did not provide him with a hearing based on his allegations.[1]

8. Petitioner's belief that he is automatically entitled to an evidentiary hearing as to his allegations is mistaken. As this Court explained in its previous Order, Plaintiff's self-serving and baseless allegations of a "missing" section of the 2013 *Frye* hearing transcript was raised for the first time five years later in Petitioner's post-judgment motion to amend the record for the purposes of this appeal. Prior to that motion, Petitioner had ample time to raise these allegations not only prior to his direct appeal which concluded in December 2015, *see United States v. Aksal*, 638 F. App'x 136 (3d Cir. 2015), but also during the briefing of his § 2255 motion and, indeed, during the evidentiary hearing this Court held as to Petitioner's allegations of ineffective assistance of

---

[1] Petitioner also argues that the Order should be considered void because he believes it violates the separate judgment rule contained in Federal Rule of Civil Procedure 58. Even if Petitioner were correct that a separate order was required under Rule 58, the only effect of a failure to comply with the separate judgment rule for final judgments is that judgment is considered to be entered for the purposes of the timeliness of a notice of appeal either when a separate order is entered or 150 days after the entry of the Court's prior order. *See* Fed. R. Civ. P. 58(c); *Witasick v. Minnesota Mut. Life Ins. Co.*, 803 F.3d 184, 189–90 (3d Cir. 2015). Failure to comply with the separate judgment rule does not deprive the Court's Order of any operative force, and in no way requires this Court to invalidate that Order, assuming the rule applies in this context.

plea counsel in this § 2255 matter. Petitioner failed to do so, and instead waited until after he failed to secure relief in this matter to raise his allegations of a "missing" section of the *Frye* hearing transcript. Thus, Petitioner had multiple opportunities to raise his allegations, and failed to do so. Petitioner's failed to raise the issue in a timely fashion, and Petitioner's unfounded allegations contradict not only this Court's own recollection of the *Frye* hearing but also the testimony provided at the hearing held in this matter. As a result, Petitioner's allegations are insufficient to warrant a second hearing. Petitioner's motion to vacate this Court's Order denying his motion to amend the record as to the *Frye* hearing held in 2013 is therefore denied.

9. In conclusion, Petitioner's motion to vacate this Court's Order denying his motion to amend the record for the purposes of appeal (ECF No. 40) is DENIED. An appropriate order accompanies this Opinion.

JOSE L. LINARES,
Chief Judge, United States District Court