UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BAWER AKSAL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondents.

Civil Action No. 16-2776 (BRM)

**OPINION**

**THIS MATTER** is before the Court on Petitioner Bawer Aksal's most recent motion seeking to reopen his motion to vacate sentence which is brought pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 53.)

**IT APPEARING THAT:**

1. On May 13, 2016, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.)

2. On February 21, 2018, now retired Chief Judge Linares denied that motion following an evidentiary hearing. (ECF Nos. 29-30.) As part of that decision, Judge Linares explicitly held that "Petitioner's testimony lack[ed] . . . credibility" based on contradictions between his testimony at a *Frye* hearing held in 2013 and the hearing held in this matter in late 2017 as well as Petitioner's manner and demeanor during those hearings. (*see* ECF No. 29 at 14.)

3. Petitioner filed a notice of appeal in April 2018. (ECF No. 31.)

4. While his appeal was pending, Petitioner filed in this Court two motions seeking to amend the appellate record, purportedly brought pursuant to Federal Rule of Appellate Procedure 10(e)(2). (ECF Nos. 33, 35.) Petitioner argued in those motions that the

transcript of a 2013 *Frye* hearing in his underlying criminal matter had omitted a key exchange in which Petitioner claimed his trial attorney essentially admitted having committed ineffective assistance of counsel by failing to properly convey Petitioner's intentions related to a proposed plea agreement. (*Id.*) Petitioner's only support for that claim was his own bald assertions. (*Id.*)

5. On September 10, 2018, Judge Linares denied those motions, explaining as follows:

> Pursuant to Federal Rule of Appellate Procedure 10(e)(2), if "anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded" by the district court "before or after the record has been forwarded" to the Court of Appeals. Rule 10(e)(1) further requires that where "any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court." These rules allow "amendment of the record on appeal only to correct inadvertent omissions" and may not be used "to introduce new evidence." *In re Application of Adan*, 437 F.3d 381, 388 n. 3 (3d Cir. 2006); *see also United States ex rel. Mulvaney v. Rush*, 487 F.2d 684, 687 n. 5 (3d Cir. 1973) ("[t]he purpose of the rule is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what happened in the District Court").
>
> In this matter, Petitioner has submitted no evidence other than his own self-serving assertion that the allegedly omitted exchange ever occurred during the 2013 *Frye* hearing. This assertion is further undermined by the fact that it has been raised some five years after the hearing in question, long after Petitioner's initial appeal to the Third Circuit, and only now that he has failed to obtain relief following a more extensive hearing in this matter. As this Court has no recollection of the allegedly omitted exchange ever having occurred, as the Government likewise denies that it occurred, as Petitioner has offered no evidence other than his own bald and self-serving assertion that this exchange ever occurred at the 2013 *Frye* hearing, and because the alleged exchange is contrary to both the record of the *Frye* hearing and the testimony at Petitioner's § 2255 hearing, this Court finds that Petitioner has failed to show that the record of this matter is in any way inaccurate or contains any material omissions or misstatements. As Petitioner has provided no credible evidence in support of his assertion that this exchange ever

occurred, Petitioner's motion to correct the record brought pursuant to Federal Rule of Appellate Procedure 10(e) is denied.

(ECF No. 38 at 2-3, internal paragraph numbers omitted).

6. On October 9, 2018, Petitioner filed a motion seeking to vacate the denial of his motion to amend the record pursuant to Rule 60(b). (ECF No. 40.) In that motion, Petitioner essentially reasserted the same arguments which had already been rejected.

7. On October 16, 2018, Judge Linares denied this Rule 60(b) motion, finding that

> Petitioner's belief that he is automatically entitled to an evidentiary hearing as to his allegations is mistaken. As this Court explained in its previous Order, Plaintiff's self-serving and baseless allegations of a "missing" section of the 2013 *Frye* hearing transcript was raised for the first time five years later in Petitioner's post-judgment motion to amend the record for the purposes of this appeal. Prior to that motion, Petitioner had ample time to raise these allegations not only prior to his direct appeal which concluded in December 2015, *see United States v. Aksal*, 638 F. App'x 136 (3d Cir. 2015), but also during the briefing of his § 2255 motion and, indeed, during the evidentiary hearing this Court held as to Petitioner's allegations of ineffective assistance of plea counsel in this § 2255 matter. Petitioner failed to do so, and instead waited until after he failed to secure relief in this matter to raise his allegations of a "missing" section of the *Frye* hearing transcript. Thus, Petitioner had multiple opportunities to raise his allegations, and failed to do so. Petitioner's failure to raise the issue in a timely fashion, coupled with the fact that Petitioner's unfounded allegations contradict not only this Court's own recollection of the *Frye* hearing but also the testimony provided at the hearing held in this matter are more than sufficient to show that Petitioner's allegations are insufficient to warrant a second hearing in this matter. Petitioner's motion to vacate this Court's Order denying his motion to amend the record as to the *Frye* hearing held in 2013 is therefore denied.

(ECF No. 41 at 2-3).

8. Unsatisfied with the result of his motions, Petitioner filed yet another Rule 60(b) motion on November 13, 2018. (ECF Nos. 47-48.) Petitioner once again sought to relitigate the alleged transcript issue without providing any new evidence. (*Id.*)

9. That motion, too, was denied on November 26, 2018. (ECF Nos. 49-50.) Petitioner thereafter filed an amended notice of appeal to include his transcript allegations and challenge to the denial of his motion to amend the record within his challenge to the denial of his § 2255 motion. (ECF No. 51.)

10. The Third Circuit denied Petitioner a certificate of appealability, and dismissed his appeal of the transcript issue, and thereafter denied Petitioner a rehearing. (*See* ECF No. 52.)

11. On August 20, 2019, Petitioner filed his current motion. (ECF No. 53.) In his current motion, Petitioner once again reasserts his claim that the transcript of his *Frye* hearing is missing the same alleged colloquy in which his trial counsel admitted his ineffectiveness, but in his new motion Petitioner now alleges, with no factual support, that Judge Linares "ordered" that this colloquy be removed from the record and ordered that the audio recording of the hearing be sealed from Petitioner's access. (*Id.*)

12. Petitioner attaches to this motion several emails exchange between his fiancé and Judge Linares's court reporter. (*Id.* at 10-11). While Petitioner believes this exchange supports his claim, he is mistaken. In this exchange, the court reporter informs Petitioner's fiancé that there is "no audio [recording] in federal [district] court" other than in "the magistrate court." (*Id.* at 10.) The reporter thereafter clarified that there "is an audio [recording] in [her] steno[graphy] software [but] that's just for the court reporter's use." (*Id.* at 11.) The reporter further stated that she had "listened to it and . . . there was no colloquy or side bars missing" from the transcript. (*Id.*). The Court reporter's email thus confirms that the alleged colloquy was not part of Petitioner's *Frye* hearing. Nothing in those emails suggests in any way that Judge Linares ordered

the removal of any portion of the transcript, nor barred Petitioner from receiving copies of the official transcript. Indeed, the Court reporter explicitly provided Petitioner with a new transcription of the *Frye* hearing after reviewing the audio of the hearing. (*Id.*)

13. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

14. Initially, the Court notes that Petitioner's motion, which seeks to reopen this case and vacate the denial of Petitioner's motion to vacate sentence in February 2018, was filed sixteen months after that denial was entered. Motions for relief from a final judgment brought pursuant to Rule 60(b) must be filed within a "reasonable time" of the entry of

the original judgment. Fed. R. Civ. P. 60(c). What is reasonable in a given case depends on the circumstances of that case, and a determination of reasonableness rests on factors such as "finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *See In Re Diet Drugs(Phentermine/Fenfluramine/Dexfenfluramine) Product Liability Litigation*), 383 F. App'x 242, 246 (3d Cir. 2010). Motions under the rule based on fraud, mistake, or newly discovered evidence must be filed within a year of the entry of judgment, and the third Circuit has in turn found that a delay as short as a year can be sufficient to render Rule 60 motions filed pursuant to the other subsections of the rule untimely where the interests of finality and the potential for prejudice so warrant. *See* Fed. R. Civ. P. 60(c)(1); *In Re Diet Drugs*, 383 F. App'x at 246. Given the sixteen months that have passed since the original entry of judgment in this matter, the strong interest in finality present in proceedings challenging a criminal conviction, and the fact that Petitioner's current claims have been addressed by the Court on at least three prior occasions, this Court finds that Petitioner's current motion was not filed within a reasonable time and is for that reason untimely.

15. Even were Petitioner's current filing considered timely, however, it is utterly without merit. As Judge Linares repeatedly explained to Petitioner, and as the emails attached to Petitioner's current motion clearly indicate, there is no merit to Petitioner's claim that there was a missing colloquy excised from the transcript of his 2013 *Frye* hearing, and Petitioner's baseless allegations to that effect, which run contrary to the record of this matter including the testimony at Petitioner's § 2255 hearing and the *Frye* hearing, the recollection of Judge Linares as presented in the prior orders denying Petitioner's

previous motions, and the apparent state of the audio recording possessed by the Court reporter. As Petitioner has utterly failed to provide any proof of his accusations, which the Court notes have evolved over time to include alleged fraud by a retired member of this Court, Petitioner has provided no valid basis to vacate the denial of his § 2255 motion, especially in light of the fact that the Third Circuit has already reviewed and rejected Petitioner's appeal in this matter. Petitioner has set forth no valid basis for relief and his current motion is denied.

16. Finally, the Court notes that Petitioner has raised his current claim of a missing transcript section in at least four separate motions, all of which have been denied. Given these numerous denials and the lack of evidence of any wrongdoing, and the fact that Petitioner's appeal of this matter has already concluded, this Court will direct the Clerk of the Court to accept no further filings from Petitioner in this matter.

17. In conclusion, Petitioner's motion (ECF No. 53) is denied. An appropriate order follows.

Date: January 6, 2020

                                              */s/Brian R. Martinotti*
                                              **HON. BRIAN R. MARTINOTTI**
                                              **UNITED STATES DISTRICT JUDGE**